*522]    *John M'Lene plaintiff in error *against* Humphrey Fullerton.

In deceit on the swap of horses, the whole transaction should be received in evi-dence.

WRIT of error to the Common Pleas of Franklin county.

This was an action of deceit on the exchange of the plaintiff's grey gelding for the black gelding of the defendant, the plaintiff alledging a warranty on the part of the defendant, that his horse was sound, though in fact he had slipped his shoulder.

The cause was tried at Chambersburgh on the 5th November 1803, when the following bill of exceptions was sealed by the court.

On the trial the plaintiff's counsel produced divers witnesses, in support of the issue of the black gelding, in the declaration mentioned, and to prove his lameness and defects as set forth therein.    Whereupon the counsel on the part of the defendant, offered to prove that the grey gelding of the plaintiff in the said declaration mentioned, alledged therein to have been given and exchanged for the black gelding of the defendant, was unsound. Thereupon the counsel on the part of the plaintiff, object to any evidence being given of the unsoundness of the said grey geld-ing as being irrelevant to the issue.    And the court after argu-ment, overruled the objection, and admit the evidence as to the value and unsoundness of the said grey gelding.    Thereupon the plaintiff's counsel except to the opinion of the court, and prayed their exception to be allowed ; and the same was allowed accordingly.

The jury found for the defendant, and the court rendered judgment on the verdict.

The record was submitted to the court by the counsel on both sides without argument, as a case between two jockies.

[Stroup, in Error, *v.* M'Clure.]

TILGHMAN, C. J.    The whole that passed at the time of the exchange of the horses ought to be received in evidence.    It formed but one transaction, and the jury should judge upon the whole.    Even admitting that the biter was bit, and that the plaintiff ought to have recovered something, the jury could not assess his damages, unless the value and soundness of the horse he had swapped was shewn to them.

The rest of the court assenting hereto,

Judgment affirmed.

Messrs. Watts and S. Riddle, *pro quer.*

Messrs. Brown and Dunlap, *pro def.*